JEW

FILED IN OPEN COURT
ON 3/16/16 HP
Julie Richards Johnston, Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-76-1FL (1)
NO. 5:16-CR-76-2FL (1)
NO. 5:16-CR-76-3FL (1)
NO. 5:16-CR-76-4FL (1)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| JAMES HAYES | ) | |
| SHANNON HAYES | ) | |
| DANIEL DILLARD | ) | |
| STACY DILLARD | ) | |

The Grand Jury charges:

## COUNT ONE

Beginning in or about September 2012, the exact date being unknown, and continuing up to and including September 11, 2013, in the Eastern District of North Carolina, and elsewhere, JAMES HAYES, SHANNON HAYES, DANIEL DILLARD and STACY DILLARD, the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and other persons, known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute Ritalin and Oxycodone, both Schedule II controlled substances; Hydrocodone, and Tylenol with Codeine, both Schedule III controlled substances; and Alprazolam, Carisoprodol, Clonazepam, Diazepam, Lorazepam, Phentermine,

1

Temazepam, and Zolpidem, all Schedule IV controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

### Quantity of Controlled Substance Involved in the Conspiracy

With respect to JAMES HAYES, SHANNON HAYES, DANIEL DILLARD and STACY DILLARD, the amount involved in the conspiracy attributable to him or her as a result of his or her own conduct and the conduct of other conspirators reasonably foreseeable to him or her, is a quantity of Ritalin and Oxycodone, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to JAMES HAYES, SHANNON HAYES, DANIEL DILLARD and STACY DILLARD, the amount involved in the conspiracy attributable to him or her as a result of his or her own conduct and the conduct of other conspirators reasonably foreseeable to him or her, is a quantity of Hydrocodone, Tylenol with Codeine, Alprazolam, Carisoprodol, Clonazepam, Diazepam, Lorazepam, Phentermine, Temazepam, and Zolpidem, in violation of Title 21, United States Code, Section 841(b)(1)(E).

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO

On or about September 11, 2013, in the Eastern District of North Carolina, JAMES HAYES and SHANNON HAYES, the defendants herein, did, aiding and abetting each other and others, known and unknown, knowingly and intentionally distribute and possess with the intent to distribute a quantity of Ritalin and Oxycodone, both Schedule II

2

controlled substances; Hydrocodone, and Tylenol with Codeine, both Schedule III controlled substances; and Alprazolam, Carisoprodol, Clonazepam, Diazepam, Lorazepam, Phentermine, Temazepam, and Zolpidem in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about September 11, 2013, in the Eastern District of North Carolina, DANIEL DILLARD and STACY DILLARD, the defendants herein, did, aiding and abetting each other and others, known and unknown, knowingly and intentionally distribute and possess with the intent to distribute a quantity of Alprazolam, Carisoprodol, Clonazepam, Diazepam, Lorazepam, Phentermine, Temazepam, and Zolpidem in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## FORFEITURE NOTICE

The defendant is given notice of the provisions of Title 21, United States Code, Section 853 and Title 18, United States Code, Section 924(d)(1), as made applicable herein by Title 28, United States Code, Section 2461(c), that all of the defendant's interest in all property specified herein is subject to forfeiture.

As a result of the foregoing offenses contained in Counts One, through Four of the Indictment, the defendants shall forfeit to the United States any and all property constituting, or derived from, any proceeds the said defendants obtained directly or indirectly as

3

a result of the said offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in the Indictment, and any property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL:

**REDACTED VERSION**

FOREPERSON

Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 3-15-16

JOHN STUART BRUCE
Acting United States Attorney

By: JENNIFER E. WELLS
Assistant United States Attorney